**EDER ELECTRIC COMPANY**

v.

**UNITED STATES of America.**

Civ. A. No. 30203.

United States District Court
E. D. Pennsylvania.

June 1, 1962.

Jacoby & Maxmin, by Louis C. Bechtle, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., by Joseph H. Reiter, Asst. U. S. Atty., for defendant.

WOOD, District Judge.

This is a suit for the value of certain electrical cable removed from Government property by the plaintiff-contractor pursuant to a contract calling for the "removal and replacement" of said cable. The contract contains a provision in Article 57 thereof that any question of fact arising under the contract shall be decided ultimately by the Secretary, and that his decision shall be final and conclusive unless determined by a court of competent jurisdiction to have been capricious, arbitrary, grossly erroneous, or

not supported by substantial evidence. The plaintiff contended that the contract entitled it to retain the cable which had been removed and replaced; but the Armed Services Board of Contract Appeals held that the Government was entitled to retain title to the salvaged cable.

Plaintiff complains in this suit that the decision of the Armed Services Board of Contract Appeals was arbitrary, grossly erroneous, and not supported by substantial evidence. There being no genuine issues of fact in dispute, both parties have moved for summary judgment.

Plaintiff argued before the Board, and argues here, that there is a custom in the trade in the Philadelphia area that equipment which is removed and replaced is retained by the contractor unless the contract specifically provides that the salvaged material be retained by the owner. The Board rejected this contention, and found as a fact that no such custom existed. It is our function to decide here whether that finding of the Board, as a finding of fact, was reasonable in light of the record as a whole, or whether it was arbitrary, grossly erroneous, or unsupported by substantial evidence. (See Title 41 U.S.C.A. §§ 321, 322.)

■ Plaintiff's evidence of the alleged custom consisted mainly of the testimony of Harold G. Eder, partner in the plaintiff-firm, that "normally the contractor keeps the cable," and that if the customer desired to keep it, then the contract would so specify. (Deposition p. 14 and NT 15.) The Board pointed out in its opinion that in order to prove the existence of a custom or usage, the evidence must be so clear, uncontradictory, and distinct so as to leave no doubt as to its nature. Shipley v Pittsburgh & L. E. R. Co., 83 F.Supp. 722 (W.D.Pa.1949). In addition, the Board also cited the case of Hunter-Wilson Distilling Co., Inc. v. Foust Distilling Co., 84 F.Supp. 996 (M.D.Pa.1949) which held that the existence of a custom can only be proved by instances of actual practice, and not merely by the opinion of a witness. We think that the Board's decision that plaintiff's evidence did not measure up to the required standard of proof was not arbitrary, grossly erroneous, or unsupported by substantial evidence.

■ Had the Board found the existence of this custom in the Philadelphia area, the United States would not have been bound by it unless plaintiff could have convinced the Board that the custom was "so uniform, long-established, and generally acquiesced in by those pursuing the particular calling as to induce the belief that the parties contracted in reliance upon it." Parkway Baking Company v. Freihofer Baking Company, 255 F.2d 641, 647 (3 Cir.1958). In this connection, it is appropriate to mention certain contracts introduced into evidence by the plaintiff which were contracts entered into between plaintiff and the Government prior to the contract presently in issue. These prior contracts did contain specific clauses which reserved to the Government title to salvaged material. Plaintiff has complained that the Board completely ignored the significance of these contracts in arriving at its conclusion that plaintiff had failed to prove a custom in the trade. As far as those contracts relate to that issue at all, we think that their probative value is slight. As the Board pointed out, they represent only a sampling of the many contracts performed by the plaintiff for the Government during previous years. Furthermore a witness for the Government testified that sometimes a salvage clause was included in a contract and sometimes not; but that the Government in either case had always retained title to the salvaged property. While these prior contracts might be evidence that *the Eder Electric Company* contracted in reliance on a custom that the contractor keeps the cable unless the contract specifically provides otherwise, they are not evidence to induce the belief that *the Government* contracted in reliance upon such custom.

■ We agree with the Board that the contract is not ambiguous: therefore, the prior contracts between the parties are not relevant to the interpretation of the present contract. We think the plain

meaning of the present contract, in the absence of legal proof of any custom or usage to the contrary, is that the original owner of the cable, the United States, retained that ownership after the cable was removed and replaced by the plaintiff.

### ORDER.

And now, to wit, this 1st day of June, 1962, It Is Hereby Ordered that the motion for summary judgment of the plaintiff is denied, and that the motion for summary judgment of the defendant is granted. The Clerk is directed to enter judgment against the plaintiff and in favor of the defendant.